IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SANTANDER BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-891-DGK |
| | ) | |
| MOODY LEASING CO., LLC, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING PLAINTIFF'S MOTION FOR ORDER OF REPLEVIN

This case involves defaulted tow truck loans. Over the course of several years, Plaintiff Santander Bank, N.A., f/k/a Sovereign Bank, N.A., ("Santander") lent Defendant Moody Leasing Co., LLC ("Moody Leasing") the purchase money for nine tow trucks and carrier bodies. Defendants Dannie L. Moody, Ardella M. Moody (collectively the "Moodys"), and ABC Specialty, Inc. ("ABC") personally guaranteed the loans' repayment and designated the trucks and bodies as collateral. Santander alleges that Defendants defaulted, and it demanded that they relinquish the collateral. Defendants refused. Santander then filed the instant five-count lawsuit, alleging a replevin claim against all Defendants (Count I) and a breach of contract claim against each individual Defendant (Counts II-V).

Now before the Court is Santander's motion for prejudgment possession of the collateral (Doc. 14). Because the affidavit accompanying Santander's complaint and motion fails to set forth facts showing that Santander is in danger of losing the property unless it immediately obtains possession, the motion is DENIED WITHOUT PREJUDICE.

**Factual Background**

The following facts were gleaned from Santander's complaint (the "Complaint") and attached documents. On February 14, 2011, Santander, a Delaware-based bank, entered into a

loan agreement with Moody Leasing, a two-member heavy duty equipment leasing LLC based in Jackson County, Missouri. The agreement provided that Santander would finance the purchase of a tow truck and accompanying equipment in exchange for Moody Leasing agreeing to make monthly loan payments. To secure repayment, Santander obtained a first priority purchase-money security interest[1] in the truck and carrier body. Contemporaneously with the agreement, the Moodys and ABC personally guaranteed repayment.

From March 9, 2011 to February 14, 2014, Santander and Moody Leasing entered into eight additional schedules under the original loan agreement. The terms of these schedules mirrored the initial loan terms: Moody Leasing received the purchase money for the truck and equipment, while Santander received a security interest in the same and monthly payments. All told, Santander financed the purchase of nine tow trucks and bodies in this manner.

Moody Leasing defaulted on this loan sometime after the last schedule, and the guarantors have refused to pay. Santander then exercised the loan agreement acceleration provision, but Defendants still refused to pay. The loan agreement also entitled Santander, upon default, to immediately repossess the collateral. Accordingly, Santander demanded the collateral's return, but Defendants refused.

This litigation ensued. On November 14, 2014, Santander filed the instant motion seeking pre-judgment possession of the collateral. The motion is now ripe for review.

**Discussion**

Federal Rule of Civil Procedure 64 allows a federal court to grant any remedy to a movant that is available to it under the forum state's law. Fed. R. Civ. P. 64(a). Such relief explicitly includes replevin. Fed. R. Civ. P. 64(b). In Missouri, a plaintiff is entitled to

---

[1] A purchase-money security interest is, "[a] security interest that is created when a buyer uses the lender's money to make the purchase and immediately gives the lender security by using the purchase property as collateral." Black's Law Dictionary 1562 (10th ed. 2014).

prejudgment immediate possession of property if it files an affidavit showing, among other things,[2] that it "is in danger of losing the property unless immediate possession is obtained or the property is otherwise secured." Mo. R. Civ. P. 99.03(e); *see* Mo. Rev. Stat. § 533.010(5) (imposing same requirement).

To satisfy this requirement, Santander cites an affidavit from its Vice President, Julia Gargano, wherein she avers that Santander is in risk of losing the property because it "consists of nine (9) motor vehicles and truck bodies [that are] highly mobile and at risk of destruction." (Doc. 1-1 at 94). Defendants collectively respond that this conclusory assertion is insufficient to show that Santander is truly at risk of losing the property before judgment, especially considering that ABC, who currently possesses the trucks, insured them and designated Santander as a loss payee.[3]

Neither party cites a single case supporting its position or further explaining the degree of specificity required to show that property is in danger of being lost.[4] Nevertheless, the Court uncovered some illustrative cases. In general, replevin affidavits must contain more than conclusory assertions in order for the movant to be entitled to relief. *See State ex rel. Tallen v. Marsh*, 633 S.W.2d 458, 461 (Mo. Ct. App. 1982) ("We conclude that an affidavit alleging *evidentiary facts* is required by Supreme Court Rule 99.03." (emphasis added)). In the context of the "in danger of loss" provision, the plaintiff must make a *particularized* showing of why it believes that property will be concealed, lost, or destroyed prior to final judgment. *Compare John Deere Co. v. Major*, 620 F. Supp. 81, 82 (W.D. Mo. 1985) (holding that replevin plaintiff's

---

[2] The affidavit must contain facts showing four other elements, but Defendants do not challenge the sufficiency of the affidavit in these respects.

[3] A loss payee is, "[a] person or entity named in an insurance policy (under a loss-payable clause) to be paid if the insured property suffers a loss." Black's Law Dictionary 1089 (10th ed. 2014).

[4] All future motions and briefs *must* include caselaw or other persuasive authority. Failure to do so may result in Court summarily denying the motion.

3

general assertions that farm equipment might depreciate or could potentially be hidden prior to final judgment was insufficient to show that it was "in danger of losing" its property), *and States Res. Corp. v. Raburn Evans Glass Serv., Inc.*, No. 11-CV-00161, 2011 WL 4014344, at *2 (E.D. Mo. Sept. 9, 2011) (holding that replevin plaintiff's assertion that the defendant was "concealing" property by keeping it in a secured structure was insufficient to show that it was "in danger of losing" its property), *with Green Hills Prod. Credit Ass'n v. R&M Porter Farms, Inc.*, 716 S.W.2d 296, 299 (Mo. Ct. App. 1986) (finding that replevin plaintiff's assertion that the defendant previously hid property was sufficient to show that it was in danger of losing the property if not provided immediate possession).

With these guideposts in mind, the Court turns to the affidavit's first claim, namely that the trucks are "highly mobile." Although this statement suggests the trucks could be moved, it does not show that the Defendants are likely to use this mobility for a nefarious purpose. The affidavit contains no facts suggesting that the Defendants previously hid the trucks, *cf. Green Hills*, 716 S.W.2d at 299, or that they are likely to abscond with them prior to final judgment. *See John Deere Co.*, 620 F. Supp. at 82 (finding that plaintiff's general assertion "debtors in default sometimes attempt to dispose of secured property" insufficient to show that the defendant would do the same). In absence of such particulars, the Court cannot conclude that Santander is in danger of losing the property simply because the trucks are mobile.

Equally insufficient is Gargano's conclusory assertion that the trucks are at "risk of destruction." She does not explain *why* she believes that the tow trucks will be destroyed. And there is no evidence that they are being used for anything other than their primary purpose, or that they will significantly depreciate in value between now and final judgment. *See id.* ("[T]here is nothing credibly presented that the equipment is being used in a manner other than it was designed to withstand, or that use for additional weeks or several months before final

4

judgment will be materially damaging in a physical sense."). Even assuming that the trucks are damaged between now and the final judgment, the loss would likely be covered by ABC's insurance policy, under which Santander is named as a loss payee.

Notwithstanding the affidavit's lack of specificity, Santander also cites Moody Leasing's "transfer" of the property to ABC as evidence that ABC or Moody will likely dispose of the property before final judgment. This argument is unavailing because Moody Leasing's "transfer" to ABC, who was a loan guarantor, does not mean that either party will in turn transfer the property to another non-party. On the contrary, ABC assures the Court that it is contractually obligated to keep the tow trucks so that it can provide towing services for local municipalities. Thus, Moody Leasing's transfer to ABC does not aid Santander.

In sum, the Court finds that Gargano's conclusory assertions that the trucks are at risk of being lost because they are "highly mobile and at risk of destruction," insufficient to make the particularized showing required to obtain prejudgment possession of the property. *See id.* ("I cannot conclude that these facts establish that the property is in jeopardy pending litigation so as to justify the drastic remedy of prejudgment seizure.").

**Conclusion**

Because Santander has not set forth evidentiary facts showing that the trucks will likely be lost prior to final judgment, its motion is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:   April 8, 2015                                            /s/ Greg Kays
                                                                       GREG KAYS, CHIEF JUDGE
                                                                       UNITED STATES DISTRICT COURT