IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SANTANDER BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-891-DGK |
| | ) | |
| MOODY LEASING CO., LLC, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO STRIKE

This case involves defaulted tow truck loans. Over the course of several years, Plaintiff Santander Bank, N.A., f/k/a Sovereign Bank, N.A., ("Santander") lent Defendant Moody Leasing Co., LLC ("Moody Leasing") the purchase money for nine tow trucks and carrier bodies. Defendants Dannie L. Moody, Ardella M. Moody (collectively the "Moodys"), and ABC Specialty, Inc. personally guaranteed the loans' repayment and designated the trucks as collateral. Santander alleges that Defendants defaulted, and it demanded that they relinquish the collateral. Defendants refused. Santander then filed the instant five-count lawsuit, alleging a replevin claim against all Defendants (Count I) and a breach of contract claim against each individual Defendant (Counts II-V).

Now before the Court is Santander's motion to strike Moody Leasing's and the Moodys' (collectively the "Moody Defendants") affirmative defenses. Finding that the challenged affirmative defenses fail to comply with the federal pleading standards, the Court GRANTS the motion. The Moody Defendants, however, are given twenty-one (21) days to amend their answer to include enough facts to satisfy these standards.

## Standard of Review

Federal Rule of Civil Procedure 12(f) allows a court to strike insufficient defenses contained in a pleading. While a court enjoys broad discretion in deciding whether to strike affirmative defenses, it must be mindful that such a remedy is an "extreme measure," and as such, "motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotation marks omitted). The harsh consequences of a motion to strike, however, can be ameliorated in some instances by granting the defendant the opportunity to amend its answer. *See Lucas v. Jerusalem Café, LLC*, No. 4:10-CV-00582-DGK, 2011 WL 1364075, at *2 (W.D. Mo. April 11, 2011) (granting a motion to strike a defendant's affirmative defenses because of pleading deficiencies but allowing the defendant the opportunity to amend its pleadings); Fed. R. Civ. P. 15(a)(2).

A court may strike an affirmative defense for failure to comply with the federal pleading standards. *See Smithville 169 v. Citizens Bank & Trust Co.*, No. 11-CV-0872-DGK, 2012 WL 13677, at *2-3 (W.D. Mo. Jan. 4, 2012) (granting a 12(f) motion to strike affirmative defenses because they failed to comply with Rule 8). Rule 8(c) requires that a defendant "affirmatively state any avoidance or affirmative defense" in its answer. This Court has repeatedly held that such a statement must comply with the pleading requirements of Rule 8(a)(2) as supplemented by *Twombly* and *Iqbal*. *Id.* Consequently, an affirmative defense must not only be stated in a short and plain manner, Fed. R. Civ. P. 8(a)(2), but must also be accompanied by enough factual allegations to suggest that the defense is plausible. *Cf. Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (requiring that civil complaints must require enough factual allegations to make a claim for relief plausible on its face). An affirmative defense comprised of nothing more than labels and conclusions will not

suffice.  *See Smithville 169*, 2012 WL 13677, at *3 (holding that the affirmative defenses did not satisfy Rule 8(a)(2) because they were nothing more than labels and conclusions).

Rule 9 imposes a heightened pleading standard for certain affirmative defenses. Defenses that rely upon allegations of fraud or a failure of a condition precedent must be pled with particularity.  Fed. R. Civ. P. 9(b)-(c).  An affirmative defense aimed at challenging a party's ability to sue or be sued must contain "any supporting facts that are peculiarly within the [defendant's] knowledge."  Fed. R. Civ. P. 9(a)(2).

## Discussion

Santander claims that fourteen of the Moody Defendants' fifteen affirmative defenses fail to comply with Rules 8 and 9.  The Court addresses the affirmative defenses according to the governing rule under which they must be pled.

**I.  Affirmative defenses 5, 9, 10, and 11 fail to satisfy the particularized pleading requirements of Rule 9.**

Affirmative defenses 5 and 9 state as follows: "5. The underlying transactions in this matter are the result of fraud, deceit, or misrepresentations by Plaintiff or another party….9. There is failure of a condition precedent."  (Doc. 9 at 2).   These two defenses are not pled with any degree of particularity.  *See* Fed. R. Civ. P. 9(b)-(c) (requiring the pleader to state with particularity the circumstances surrounding the fraud or failure of a condition precedent).  Thus, they are STRICKEN.

Affirmative defenses 10 and 11 somewhat redundantly allege: "10. Plaintiff has failed to state a cause of action because Plaintiff is not the original creditor…11. Plaintiff does not have standing because Plaintiff is not the original creditor."  (Doc. 9 at 2).  Both of these defenses arguably concern Santander's ability to sue, and as such, fall within the purview of Rule 9(a)(2). Therefore, they must be accompanied by "supporting facts that are peculiarly within the [Moody

3

Defendants'] knowledge." Fed. R. Civ. P. 9(a)(2). The Court is confident that the Moody Defendants can identify the original creditor with whom they contracted and/or why Santander does not qualify as such. Thus, these defenses are STRICKEN.[1]

## II. Affirmative defenses 2, 3, 4, 6, 7, 8, 12, 13, 14, and 15 fail to comply with Rule 8 and *Iqbal*.

The remaining challenged affirmative defenses are as follows:

2. Plaintiff has failed to mitigate damages—Plaintiff has failed to take prompt action to collect a debt.
3. Plaintiff has failed to mitigate damages—Plaintiff has failed to try to reach a reasonable settlement.
4. Plaintiff has failed to give credit for payments made.
6. Payment has been tendered to Plaintiff.
7. At least one of the parties involved lacked the legal capacity to enter into a contract.
8. The terms of the contract are impossible to perform.
12. Plaintiff failed to properly obtain a security interest in the property.
13. Plaintiff failed to give proper notice.
14. Plaintiff failed to give proper consideration.
15. Any default is the result of the negligence of a third party.

(Doc. 9 at 2-3).

These affirmative defenses are nothing more than labels and conclusions; there are no supporting facts. For instance, the final affirmative defense does not reveal the identity of the third party who performed negligently, or what they did that was negligent. This does not provide Santander with enough notice of the defenses it faces. And while the Moody Defendants need not explain with particularity the circumstances surrounding these events, *cf.* Rule 9, they must provide enough facts to afford Santander with fair notice of the grounds upon which the defenses are based. *See Lucas*, 2011 WL 1364075, at *2 (citing *Iqbal*, 129 S. Ct. at 1940).

---

[1] Santander contends several other affirmative defenses fall within Rule 9's heightened pleading standard, but the Court finds to the contrary. Only those highlighted in this section must comply with Rule 9.

4

Because these defenses are currently unaccompanied by any factual support, they are STRICKEN. *See Smithville 169*, 2012 WL 13677, at *3 ("The assertions in these affirmative defenses are textbook examples of labels and conclusions.").[2]

## Conclusion

Since the challenged affirmative defenses fail to satisfy Rule 8 or 9, the motion to strike them is GRANTED. However, the Moody Defendants are GRANTED leave to amend. They must amend within twenty-one (21) days of this Orders' entry or risk waiver of these defenses.

**IT IS SO ORDERED.**

Date:   April 8, 2015  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Santander also contends that the failure to mitigate damages defenses fail as a matter of law. Because these defenses are stricken for other reasons and the Moody Defendants may or may not re-plead them, the Court declines to address this argument at this time.