# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SANTANDER BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-891-DGK |
| ) | |
| MOODY LEASING CO., LLC, et. al., ) | |
| ) | |
| Defendants. ) | |

## ORDER RULING ON DISCOVERY ISSUES

Pending before the Court is a discovery dispute between the parties. The Court held a telephone conference on July 29, 2015, during which it heard argument from counsel for Plaintiff Santander Bank, Defendant Moody Leasing, LLC ("Moody Leasing"), Defendant Ardella Moody, Defendant Dannie Moody's estate (collectively the "Moody Defendants"), Defendant ABC Specialty, Inc. ("ABC"), and Defendants Bryan and Elwood Rahn (the "Rahn Brothers"). The Court orally ruled upon all the issues at the hearing and now memorializes those rulings.

The Court first addresses Ardella Moody's alleged incompetency. Discovery has been hampered throughout this case by Ardella Moody's claims of incompetency, but no state court or other authority has found her to be incompetent. The Moody Defendants, however, cite a medical opinion from a one-time examining psychologist Keith J. Kobes, who concluded that Ardella Moody may be incompetent. But this single, equivocal opinion falls short of definitively proving her incompetency, especially considering that she continues to work part-time at Wal-mart and has no difficulties caring for herself. The Court thus rules that Ardella Moody remains competent to litigate until adjudicated otherwise.

The Court next turns to Moody Leasing's failure to timely respond to discovery and its repeated failure to designate a proper corporate representative to be deposed. Under the federal rules, an entity must designate an individual to be deposed on its behalf, but the designee must consent to the designation. Fed. R. Civ. P. 30(b)(6). Moody Leasing designated co-Defendants and alleged former employees the Rahn Brothers, but they declined. Moody Leasing has not designated another corporate representative. When questioned about the issue, counsel for Moody Leasing confirmed that Ardella Moody cannot testify because she had limited interaction with this business and that no other individual is currently running this legal entity. The Court posited that it would enter default judgment against Moody Leasing and no party objected. Accordingly, the Court enters default judgment in this case against Moody Leasing for its failure to timely respond to discovery and for its failure to designate a corporate representative for depositions. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146-47 (10th Cir. 2007) (affirming district court's dismissal of a case when the plaintiff failed to timely designate a corporate representative for deposition purposes). Moreover, since counsel for Moody Leasing was unable to identify a remaining employee or representative who could prosecute the cross-claims asserted by Moody Leasing against ABC and the Rahn Brothers, those claims are DISMISSED WITHOUT PREJUDICE.

The Court next addresses deposing Ardella Moody. On May 7, 2015, Plaintiff's counsel travelled from Chicago to Kansas City to depose Ardella Moody. During the deposition, Ardella Moody's "durable power of attorney" helped her answer questions because Ardella Moody claimed to be unable to answer on her own behalf. ABC objected and requested immediate assistance from the Court. The Court declined to intervene because it lacked sufficient information to make a reasoned ruling (Doc. 35). But the Court now has sufficient information.

2

As Ardella Moody remains competent to litigate, she shall submit to a deposition within 45 to 65 days of this Order's entry, and her "durable power of attorney" *shall not* be present.

Finally, the Court addresses Plaintiff's requests for admission. Plaintiff served requests for admission upon the Moody Defendants, ABC, and the Rahn Brothers. Defendants failed to respond within the time allotted under the federal rules, Fed. R. Civ. P. 36(a)(3), and they have not provided any valid reasons to excuse their failures. The Court thus deems those facts admitted and denies ABC and the Rahn Brothers' motion to file out of time (Doc. 61).

Since the Court's rulings resolves the issues contained in Plaintiff's motions to compel discovery (Docs. 53, 54), they are DENIED as moot.

**IT IS SO ORDERED.**

Date:  July 30, 2015   /s/ Greg Kays
　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT