UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SANTANDER BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:14-cv-891-DGK |
| vs. | ) |
| | ) |
| MOODY LEASING CO., LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY <u>JUDGMENT</u>**

This case involves defaulted tow truck loans. Over the course of several years, Plaintiff Santander Bank, N.A., f/k/a Sovereign Bank, N.A., ("Santander") lent Defendant Moody Leasing Co., LLC ("Moody Leasing"), the purchase money for nine tow trucks and carrier bodies. Defendants Ardella M. Moody, the Estate of Dannie Moody (collectively, the "Moodys"), and ABC Specialty, Inc. ("ABC"), personally guaranteed the loans' repayment and designated the trucks and bodies as collateral. Santander alleges that Defendants defaulted, and it demanded that they relinquish the collateral. Defendants refused. Santander then filed the instant five-count lawsuit, alleging a replevin claim against all Defendants (Count I) and a breach of guaranty claim against each individual (Counts II-V). After discovering that the Moodys entered into an agreement to transfer ownership of ABC and the collateral to Elwood and Bryan Rahn (collectively, the "Rahns"), Santander filed an Amended Complaint including conversion claims against ABC and the Rahns (Counts VI-VII).

Now before the Court is Santander's Motion for Partial Summary Judgment on Counts III and IV against Defendants Ardella Moody and the Estate of Dannie Moody (Doc. 78). Because

there is no genuine dispute that Moody Leasing owes Santander money that the Moodys promised to cover, the motion is GRANTED.

**Standard**

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the court of the basis for its motion, and it must identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). If the movant does so, then the nonmovant must respond by submitting evidence demonstrating that there is a genuine issue for trial. *Id.* The court views any factual disputes in the light most favorable to the nonmoving party. *Id.* Decisions concerning credibility determinations, how to weigh the evidence, and what inferences to draw from the evidence, are decisions reserved for the jury, not the judge. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Nor can the nonmoving party "create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S 557, 585 (2009).

**Facts**

During the course of discovery, Santander served requests for admission upon each Defendant, including Ardella Moody and the Estate of Dannie Moody. *See* Pl.'s Req. to Admit Facts (Doc. 78-1). Following a discovery dispute teleconference on July 29, 2015, the Court found that Defendants, including the Moodys, failed to respond to Santander's requests for admission within the time allotted under the federal rules and failed to provide any valid reason to excuse their failures. Order Ruling on Discovery Issues at 3 (Doc. 65). The Court deemed the facts contained in the request admitted (*Id.*). The following facts are gleaned from those admissions. As outlined below, the Moodys contest these facts and wish to amend their admissions to reflect a lack of knowledge regarding each and every one of the eighty-three requests for admission. Because the Court denies this motion, the following facts remain admitted and uncontroverted unless otherwise noted.

On February 14, 2011, Santander[1] entered into a loan agreement (the "Loan Agreement") with Moody Leasing (Doc 78-1 ¶ 1). The agreement provided that Santander would finance the purchase of certain equipment in exchange for Moody Leasing making monthly loan payments (*Id.* ¶¶ 5, 24). To secure payment, Santander obtained a first priority purchase-money security

---

[1] The Moodys assert that the original creditor is Sovereign Bank, not Santander. Defendants argue that there is no evidence that Plaintiff Santander Bank is the party to whom the collateral should be returned, and this places Defendants "in the position of facing a later lawsuit for Replevin and/or damages by Sovereign Bank" (Doc. 82 at 2). In response to the same argument made in opposition to Santander's Motion for Final Judgment against Moody Leasing (Doc. 74), Santander provided a printout from the Federal Deposit Insurance Corporation's ("FDIC") website that indicates Sovereign Bank, National Association changed its name to Santander Bank, N.A. on October 17, 2013 (Doc. 84-1 at 11).

The Court may take judicial notice of the FDIC History of Sovereign Bank as a true and correct copy of information obtained from a government website. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Preciado v. Wells Fargo Home Mortg.*, No. 13-00382 LB, 2013 WL 1899929, at *2-3 (N.D. Cal. May 7, 2013) (taking judicial notice of printout from FDIC website because it was information printed from a governmental website).

Based on this evidence, the Court finds that Santander's name change is not subject to reasonable dispute and Defendants have failed to raise more than a metaphysical doubt as to this fact.

interest in the truck and carrier body (*Id.* ¶¶ 23). From March 9, 2011 to February 14, 2014, Santander and Moody Leasing entered into eight additional schedules under the original Loan Agreement (*Id.* ¶¶ 26-65). The terms of these schedules mirrored the initial loan terms: Moody Leasing received the purchase money for the truck and equipment, while Santander received a security interest in the same and monthly payments (*Id.*). Each of these agreements states that New York law will apply in any litigation (Doc. 78-2 at 28, 34, 37). The promissory note executed by Moody Leasing establishes that Santander's remedies are cumulative and concurrent (*Id.* at 26-27).

At the same time the Loan Agreement was executed, Moody Leasing provided the personal guaranties of Ardella Moody and Dannie Moody, pursuant to which they each "unconditionally, absolutely and irrevocably guarantee[d] the full and punctual payment and performance" of all of Moody Leasing's obligations to Santander under its Loan Agreement (Doc. 78-1 ¶¶ 9-14). The Moodys' guaranties establish that the liabilities "shall, unless paid in full, survive any repossession of any security therefor or of any motor vehicle or equipment or other goods sold or leased pursuant thereto, irrespective of whether such action constitutes an election of remedies against [Moody Leasing]" (Doc. 78-2 at 11 ¶ 8, 14 ¶ 8). Santander performed all of its obligations under the Loan Agreement (Doc. 78-1 ¶ 66). Moody Leasing failed to make all of the payments required of it, and both Ardella Moody and the Estate of Dannie Moody failed to make payments pursuant to their personal guaranties (*Id.* ¶¶ 68-70).

To support its motion, Santander provides affidavits by its representative, Karen Tennant, and two attorneys' fees affidavits (Docs. 74-1, 84-1, 86). In her affidavit, Tennant testifies that she has "been working with Santander and its processors-in-interest continually for the last fourteen (14) years. [She has] managed the contracts between Santander and Moody Leasing

4

Co., LLC, Dannie Moody, Ardella Moody and ABC Specialty, Inc. [] from their execution to the date of this Affidavit both personally and in supervising subordinates who personally handled the contracts . . . ." (Doc. 84-1 ¶ 3). In preparation of her affidavit, Tennant "reviewed Santander's business records as they relate to transactions concerning the contracts which are the subject matter of the Amended Complaint in this case." (*Id.* ¶ 10). She testifies that the information she reviewed is "recorded and collected as part of the regular practice of Santander's business . . . and [is] compiled by its employees at or near the time of transmission of that information by an employee who has personal knowledge of the transmitted fact" (*Id.* ¶¶ 8-9).

The Loan Agreement provides that Moody Leasing would be responsible for any remaining principal, default interest, administrative charges, and costs and expenses (including attorneys' fees) in the event of a default (Doc. 78-2). The affidavits supplied by Santander illustrate that Moody Leasing, and in turn the Moodys, owe $818,814.36 under their guaranties. The supplemental affidavit of Karen Tennant states that the principal amount currently due and owing under the Loan Agreement and subsequent schedules is $568,272.65 (Doc. 84-1 ¶ 12). The total amount of default interest due as of December 31, 2015, is $157,721.77 (*Id.* ¶ 17). Costs and expenses incurred by Santander total $1,300.00 (*Id.* ¶ 18). The attorneys' fees and costs as of January 19, 2016, total $91,519.94 (Doc. 86 at 2). The supplemental affidavit of Karen Tennant indicates that none of the collateral has been sold to offset these amounts (Doc. 84-1 ¶ 22).

**Discussion**

The Moodys assert three arguments in opposition of Santander's motion. First, the Moodys deny the questions raised in Santander's requests for admission, and therefore assert that these denials constitute issues of material fact sufficient to defeat summary judgment. Second,

5

the Moodys argue that Santander is not entitled to rely on the affidavit of Karen Tennant because she has no personal knowledge of the loans at issue. Finally, Defendants contend that Plaintiff is not entitled to summary judgment because the damages sought fail to account for any collateral that has been returned or purchased. These arguments are addressed in turn below.

> I. **The Moodys' failure to timely respond to Santander's requests to admit facts resulted in those facts being admitted pursuant to Federal Rule of Civil Procedure 36(a)(3), and multiple factors weigh against allowing withdrawal and amendment of these admissions.**

The Moodys argue that the allegations contained in Santander's Request to Admit Facts are in dispute and constitute contested issues of material facts sufficient to defeat summary judgment (Doc. 82 at 4). However, this Court deemed the facts contained in Santander's request for admission admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). The Moodys assert that they moved for leave to file their responses out of time due to a breakdown in settlement negotiations: "Had the settlement negotiations reached an agreement, the need for further discovery responses would have been avoided and a time extension would not have been needed, especially since all parties except Santander Bank had reached an agreement during mediation." (Doc. 82 at 4). As of the teleconference on July 30, 2015, the Moodys had not moved for leave to file out of time. At that time, they had filed only a certificate of service for their answers to Santander's requests (Doc. 59).[2] The Moodys have attached their responses to the requests for admission to their Suggestions in Opposition (Docs. 82, 82-1), but do not explicitly seek leave to withdraw or amend their admissions.

Under Rule 36(b), a matter admitted is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The Eighth Circuit has interpreted the phrase "on motion" generously "to encompass court filings that were

---

[2] The certificate of service was entered on July 23, 2015, a mere six days before the deadline for discovery completion. *See* Amended Scheduling Order (Doc. 42).

6

not formal motions." *Quasius v. Schwan Food Co.*, 596 F.3d 947, 951 (8th Cir. 2010); *see also Warren v. Int'l Bhd. of Teamsters*, 544 F.2d 334, 339-40 (8th Cir. 1976) (classifying a late filing of responses, in conjunction with a party's earlier filing of an answer that contained similar denials, as a motion to withdraw admissions under Rule 36(b)). "[T]he court *may* permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b) (emphasis added). "Although the rule itself is permissive, the Advisory Committee clearly intended the two factors set forth in Rule 36(b) to be central to the analysis." *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007). The first prong of this two-factor test requires the court to "consider whether permitting the amendment would have subserved the presentation of the merits of the . . . action." *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994). The second prong requires the party who obtained the admission to "satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1313 (8th Cir. 1983). "The prejudice contemplated by the rule relates to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Id.* at 1314. "[I]n deciding whether to exercise its discretion when the moving party has met the two-prong test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Conlon*, 474 F.3d at 625.

Here, the Court finds that Defendants' late filing of answers, coupled with their objections to Santander's summary judgment motion, fall under the broad interpretation of the phrase "on motion" and so construes them as a motion to withdraw and amend the admissions.

7

*See Bergemann v. United States*, 820 F.2d 1117, 1120-21 (10th Cir. 1987) (holding that a defendant's motion in response to the plaintiff's motion for summary judgment, along with the defendant's recorded responses in pre-trial hearings, were, in essence, motions to withdraw the admissions); *cf. Quasius*, 596 F.3d at 952 (holding that the court was not required to *sua sponte* apply the 36(b) parameters where no motion to withdraw was filed after the trial court invited the party to file such a motion). The Court must now apply the two-prong test under Rule 36(b) to this motion to withdraw and amend.

The first prong requires the Court to consider whether permitting the withdrawal of Defendants' admissions would subserve the presentation of the merits of their case. The requests for admissions include: the execution of the Moodys' personal guaranties to Santander (Doc. 78-1 ¶¶ 11, 14); Santander's extension of credit to Moody Leasing in reliance on these guaranties (*Id.* ¶¶ 9, 12); and the failure of Ardella Moody and the Estate of Dannie Moody to perform their obligations under these agreements with Santander (*Id.* ¶¶ 69-70). Admission of these material elements of the breach of guaranty claims would result in partial summary judgment for Santander on each of these claims. Because this would preclude the movants from defending against a majority of each breach of guaranty claim, the first prong is satisfied.

Now, the Court considers whether Santander would be prejudiced by allowing amendment. Because the Court has not rescheduled the trial in this matter, it is not clear that Santander would be prejudiced by a sudden need to gather evidence related to these claims before trial. The second prong is also satisfied.

However, the Court may consider other factors in exercising its discretion under Rule 36(b), even where the moving party has satisfied the two-prong test. *See Conlon*, 474 F.3d at 625. Defendants' proffered amended response to each of the eighty-three requests for admission

is, "I do not know the answer to this question. See Answers to Amended Complaint and Cross-Claim." These proposed responses will not likely help their defense. The Court reiterates that Defendants have not provided a valid excuse for their failure to respond within the time allotted under Rule 36(a)(3) (*See* Doc. 65 at 3). In addition, the Court has serious doubts concerning Defendants' ability to mount a defense. In its April 8, 2015, Order, the Court struck all of the Moodys' affirmative defenses and granted them leave to amend within twenty-one days or risk waiver of their defenses (Doc. 37). The Moodys failed to amend, and did not re-plead these defenses in their Answer to Santander's Amended Complaint (Doc. 50 at 2). In light of these considerations, the Court DENIES Defendants' motion to withdraw and amend the admissions.

**II. Defendants fail to rebut Santander's evidence regarding the sum of money currently due to Santander under the guaranties, and have not set forth specific facts showing this constitutes a genuine issue for trial.**

Defendants make two arguments contesting the amounts due under the guaranties: (1) the affidavits of Karen Tennant fail to meet the criteria set forth in Rule 56(c)(4) and the Court must disregard them; and (2) Santander is not entitled to recover the amount sought because it does not account for collateral that has been returned or purchased.

**A. The affidavit of Karen Tennant meets the requirements of Rule 56(c)(4) and may be considered by the Court.**

First, Santander relies on the Affidavit of Karen Tennant (Doc. 74-1 at 2-3), Supplemental Affidavit of Karen Tennant (Doc. 84-1), an Attorney's Fees Affidavit (Doc. 74-1 at 5-6), and its Supplemental Attorney's Fees Affidavit (Doc. 86) to support its contention that the Moodys owe $818,814.36 under their guaranties. Defendants contend that Karen Tennant does not have the personal knowledge required by Federal Rule of Civil Procedure 56(c)(4) to testify to the facts contained in her affidavit. They do not oppose Santander's affidavits concerning attorney's fees.

9

Under Federal Rule of Civil Procedure 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." An affiant may acquire personal knowledge by a review of records that she did not create herself. *See Baker v. Veneman*, 256 F. Supp. 2d 999, 1005 (E.D. Mo. 2003) (considering an affidavit in support of summary judgment motion where it was based upon affiant's review of loan files and experience at his place of business).

Here, Karen Tennant swore that she personally reviewed Santander's records and is familiar with them. Therefore, the Court may rely on her affidavit under Rule 56(c)(4).

### B. The sum sought by Plaintiff need not account for any repossessed collateral.

Next, Defendants argue that Santander is not entitled to an entry of summary judgment because the damages sought do not account for any collateral that has been returned or purchased. Defendants cite Missouri law in support of this argument. Santander asserts that New York law should apply and that a creditor may exercise its rights to repossess the collateral and reduce a claim to judgment simultaneously and cumulatively.

"In a diversity action, a district court sitting in Missouri follows Missouri's choice-of-law rules to determine applicable state law." *Wolfley v. Solectron USA, Inc.*, 541 F.3d 819, 823 (8th Cir. 2008) (quoting *Stricker v. Union Planters Bank*, 436 F.3d 875, 877 (8th Cir. 2006)). "Under Missouri law, a choice-of-law clause in a contract generally is enforceable unless application of the agreed-to law is 'contrary to a fundamental policy of Missouri.'" *Cicle v. Chase Bank USA*, 583 F.3d 549, 553 (8th Cir. 2009) (quoting *Kagan v. Master Home Prods., Ltd.*, 193 S.W.3d 401, 407 (Mo. Ct. App. 2006)).

Here, the contracts all designate New York law in their choice-of-law clauses. The ability of a creditor to exercise its right to reduce a claim to judgment and possess the collateral simultaneously is not against a fundamental policy of Missouri, because Missouri and New York law is substantively identical on this issue. Both Missouri and New York have codified the relevant potions of the Uniform Commercial Code. *See, e.g.*, Mo. Rev. Stat. § 400.9-601, *et seq.*; N.Y. U.C.C. Law § 9-601 (McKinney), *et seq.* Therefore, New York law applies to Santander's claim.

The Court turns to whether Santander may, as a matter of law, recover for collateral that has been returned to it. Under § 9-601, a secured party may, after default, "reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure." N.Y. U.C.C. Law § 9-601(a)(1) (McKinney). A secured party in possession of collateral may also sell the collateral and apply money or funds received from the collateral to reduce the secured obligation. *See id.* §§ 9-601(b); 9-207(c)(2). These remedies, judgment against the debtor and possession of collateral, are cumulative and may be exercised simultaneously. *Id.* § 9-601(c).

Accordingly, if Santander is in possession of the collateral, it need not liquidate this collateral before summary judgment may be entered against the Moodys.[3] *See Center Capital Corp. v. JR Lear 60-099, LLC*, 674 F. Supp. 2d 569, 572 (D. Del. 2009) (applying New York law) (holding that a creditor need not liquidate its collateral before seeking judgment against a debtor).

---

[3] Santander has moved this Court to approve a settlement agreement that would involve the sale of one of the trucks to the Rahns for $160,000 (Doc. 72 at 8). The Court agrees the amount of such a sale must be credited against this judgment. However, the Court has not issued an order regarding this request and has no indication that a sale of collateral has occurred at this time.

### III. Because the undisputed facts show that the Estate of Dannie Moody and Ardella Moody have breached their guaranties with Plaintiff, Plaintiff is entitled to summary judgment on Counts III and IV.

The Court now turns to the substance of Counts III and IV, which seek recovery from the Moodys for their failure to make payments on behalf of Moody Leasing pursuant to their personal guaranties. Count III is against the Estate of Dannie Moody; Count IV is against Ardella Moody.

Santander cites Missouri law in its Suggestions in Support (Doc. 79 at 15), and Defendants do not contest the application of Missouri law. To establish its claims for breach of guaranty, Santander must prove: "(1) that [each Moody] executed the guaranty, (2) that [each Moody] unconditionally delivered the guaranty to [Santander], (3) that [Santander], in reliance on the guaranty, thereafter extended credit to [Moody Leasing], and (4) that there is currently due and owing some sum of money from [Moody Leasing] to [Santander] that the guaranty purports to cover." *Arvest Bank v. Elgin*, No. 6:14-cv-03287-SRB, 2015 WL 7431050, at *3 (W.D. Mo. Nov. 20, 2015) (quoting *ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. 1993)).

The admitted facts set forth above establish the first three elements of Santander's breach of guaranty claims: (1) each Moody executed the guaranty, (2) each Moody unconditionally delivered the guaranty to Santander, and (3) Santander, in reliance on the guaranty, thereafter extended credit to Moody Leasing. Remaining is the issue of the sum of money currently due and owing from each Moody to Santander that the guaranties purport to cover.

As noted above, the personal guaranties of the Moodys "unconditionally, absolutely and irrevocably guarantee[] the full and punctual payment and performance" of all of Moody Leasing's obligations to Santander under its Loan Agreement. The Loan Agreement provides

that Moody Leasing would be responsible for any remaining principal, default interest, administrative charges, and costs and expenses (including attorneys' fees) in the event of a default. The principal amount currently due and owing under the Loan Agreement and subsequent schedules is $568,272.65. The total amount of default interest due as of December 31, 2015, is $157,721.77. Costs and expenses incurred by Santander total $1,300.00. The attorneys' fees and costs as of January 19, 2016, total $91,519.94. None of the collateral has been sold to offset these amounts.

Accordingly, there is currently due and owing $818,814.36 under each Moody's guaranty, and the fourth elements of Santander's breach of guaranty claims are satisfied. Because there remain no genuine disputes as to material facts and Santander is entitled to judgment as a matter of law on each of the four elements, the Court GRANTS Santander's motion for summary judgment as to the breach of guaranty claims against the Estate of Dannie Moody and Ardella Moody.

**Conclusion**

Because there is no genuine dispute as to any material fact with regard to Counts III and IV such that Santander is entitled to judgment as a matter of law on those claims, summary judgment is GRANTED against Defendants Ardella Moody and the Estate of Dannie Moody, jointly and severally, in the amount of $818,814.36.

**IT IS SO ORDERED.**

Dated: June 6, 2016  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT