UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SANTANDER BANK, N.A., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:14-cv-891-DGK ) ) |
| MOODY LEASING CO., LLC, et al., | ) ) |
| Defendants. | ) |

## ORDER GRANTING DEFAULT JUDGMENT AGAINST MOODY LEASING

This case involves defaulted tow truck loans. Plaintiff Santander Bank, N.A., f/k/a Sovereign Bank, National Association, ("Santander") lent Defendant Moody Leasing Co., LLC, ("Moody Leasing") the purchase money for nine tow trucks and carrier bodies. Defendants Ardella M. Moody, the Estate of Dannie Moody, and ABC Specialty, Inc., ("ABC") personally guaranteed the loans' repayment and designated the trucks and bodies as collateral. Defendants subsequently defaulted on the loans and refused to relinquish the collateral.

Now before the Court is Santander's Motion For Entry of Final Judgment Order Against Moody Leasing (Doc. 74). For the reasons set forth below, the motion is GRANTED. The Court enters a final judgment against Moody Leasing in the amount of $818,814.36.

**Standard**

The Court previously entered default against Moody Leasing (Doc. 65). Upon default, a court takes as true all factual allegations in the complaint except those relating to the amount of damages. *Murray v. Lene,* 595 F.3d 868, 871 (8th Cir. 2010); *see* Fed. R. Civ. P. 8(b)(6). The court affords the moving party all reasonable inferences from those facts. *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981). In deciding damages, the court makes factual

1

findings from the evidence in the record. *See Stephenson v. El-Batrawi,* 524 F.3d 907, 915-16 (8th Cir. 2008).

**Factual Background**

The following facts are gleaned from Plaintiff Santander's Amended Complaint (Doc. 47), its attached documents, and attachments to the instant motion (Doc. 74).

On February 14, 2011, Santander,[1] a Delaware-based bank, entered into a loan agreement with Moody Leasing. The agreement provided that Santander would finance the purchase of a tow truck and accompanying equipment in exchange for Moody Leasing making monthly loan payments. To secure payment, Santander obtained a first priority purchase-money security interest in the truck and carrier body. At the same time, the Moodys and ABC personally guaranteed repayment. From March 9, 2011, to February 14, 2014, Santander and Moody Leasing entered into eight additional loans, or "schedules," under the original loan agreement. The terms of these schedules mirrored the initial loan's terms. All of the loan agreements included a New York choice-of-law provision, an acceleration provision, and a provision entitling Santander to immediately repossess the collateral upon default. They also provide that in the event of default, Moody Leasing would be responsible for any remaining principal, default interest, administrative charges, and costs and expenses (including attorneys' fees) (Doc. 78-2).

Moody Leasing subsequently defaulted on the loans. Santander exercised the loan agreements' acceleration provisions and demanded the collateral's return, but Moody Leasing refused to return it.

Santander then filed this lawsuit. On July 30, 2015, the Court entered default against Moody Leasing for failing to timely respond to discovery or designate a corporate representative

---

[1] Santander Bank N.A. was formerly known as Sovereign Bank, National Association. Suppl. Aff. of Karent Tennant at ¶ 2 (Doc. 84-1 at 5).

for depositions. Later, as part of a partial settlement with some of the other Defendants, Santander agreed to sell one of the tow trucks to Defendants Elwood and Bryan Rahns.

Now Santander seeks to have a final judgment order entered against Moody Leasing in the amount of $818,814.36. Santander asserts that Moody Leasing owes it a total of $818,814.36, which is broken down as follows: the principal amount due is $568,272.65 (Doc. 84-1 ¶ 12); the total amount of default interest due as of December 31, 2015, is $157,721.77 (*Id.* ¶ 17); expenses for titles and inspections total $1,300.00 (*Id.* ¶ 18); and attorneys' fees and costs as of January 19, 2016, total $91,519.94 (Doc. 86 at 2). These amounts do not reflect an offset for the tow truck (Doc. 84-1 ¶ 22) sold to the Rahns because that sale has not been finalized.

To support its motion, Santander provides affidavits from two employees, Karen Tennant and Julia Gargano, and two attorneys (Docs. 47-1, 74-1, 84-1, 86).

**Discussion**

Moody Leasing asserts three arguments in opposition to Santander's motion: (1) that Santander is not the successor in interest to the original lender, Sovereign Bank; (2) the affidavit provided by Ms. Tennant is insufficient because she has no personal knowledge of the underlying loans; and (3) the damages sought do not account for the collateral returned and purchased by the Rahns. Def.'s Br. at 2-5 (Doc. 80).[3]

**I.   Santander is the successor in interest to the original lender.**

First, Defendant argues that there is no evidence that Santander is the party to whom the collateral should be returned, and this places Moody Leasing "in the position of facing a later lawsuit for Replevin and/or damages by Sovereign Bank." *Id.* at 4.

---

[3] Moody Leasing also asserts that Plaintiff is not entitled to an entry of final judgment because the partial settlement between Santander and the Rahns seeks titles to collateral from Ardella Moody, who is not a party to the partial settlement (*Id.* at 5). This argument was mooted when Santander obtained Missouri Repossession Titles that allow it to sell the collateral without the need for Moody Leasing or Ardella Moody to endorse the original titles.

3

This argument is meritless because the record contains a supplemental affidavit from Ms. Tennant, a Santander vice-president, stating that Santander changed its name in October 2013 from Sovereign Bank to Santander Bank N.A. Suppl. Aff. at ¶ 2 (Doc. 84-1 at 5). This is sufficient evidence that Santander is the successor in interest.

## II. Ms. Tennant's affidavit is sufficient evidence.

Moody Leasing's claim that Ms. Tennant does not have the personal knowledge required to testify to the facts contained in her affidavit, and does not qualify as a "custodian of records" under Missouri Revised Statute § 490.680 is similarly meritless. In a diversity case such as this, the Federal Rules of Evidence govern the admission of evidence. *Bradshaw v. FFE Transp. Servs., Inc.*, 715 F.3d 1104, 1107 (8th Cir. 2013). Under Federal Rule of Evidence 602, a witness may testify about a matter of which she has personal knowledge, and under Federal Rule of Evidence 803, business records are admissible if "the record was made at or near the time by—or from information transmitted by—someone with knowledge" or "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit." Fed. R. Evid. 803(6)(A)-(B).

In her supplemental affidavit, Ms. Tennant states she has "been working with Santander and its processors-in-interest continually for the last fourteen (14) years;" that she managed the loan agreements between Santander and Moody Leasing from their execution to the present "both personally and in supervising subordinates who personally handled the contracts;" and that in preparing her affidavit, she "reviewed Santander's business records as they relate to transactions concerning the contracts which are the subject matter of the Amended Complaint in this case." Suppl. Aff. at ¶¶ 3, 10. Further, she states that the records she reviewed are "recorded and collected as part of the regular practice of Santander's business . . . and [are]

4

compiled by its employees at or near the time of transmission of that information by an employee who has personal knowledge of the transmitted fact." *Id.* at ¶¶ 8-9. Since she reviewed Santander's business records, she has personal knowledge of them. Because the information contained in the records is admissible under the business records exception to the hearsay rule, her affidavit is admissible and sufficient evidence of the underlying loans. *See Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114, 1123 (10th Cir. 2005).

### III. Plaintiff need not liquidate its collateral prior to seeking judgment against Defendant Moody Leasing.

Finally, Moody Leasing argues that Santander's claimed damages do not account for collateral returned or purchased. Def.'s Br. at 4. It cites Missouri law in support of this argument. *Id.* at 5. Santander responds that New York law should apply, and that under New York law a creditor may exercise its rights to repossess the collateral and reduce a claim to judgment simultaneously and cumulatively.

"In a diversity action, a district court sitting in Missouri follows Missouri's choice-of-law rules to determine applicable state law." *Wolfley v. Solectron USA, Inc.*, 541 F.3d 819, 823 (8th Cir. 2008) (quoting *Stricker v. Union Planters Bank*, 436 F.3d 875, 877 (8th Cir. 2006)). "Under Missouri law, a choice-of-law clause in a contract generally is enforceable unless application of the agreed-to law is 'contrary to a fundamental policy of Missouri.'" *Cicle v. Chase Bank USA*, 583 F.3d 549, 553 (8th Cir. 2009) (quoting *Kagan v. Master Home Prods., Ltd.*, 193 S.W.3d 401, 407 (Mo. Ct. App. 2006)).

Here, the loans designate New York law in their choice-of-law clauses. The ability of a creditor to exercise its right to reduce a claim to judgment and possess the collateral simultaneously is not against a fundamental policy of Missouri, because Missouri and New York law is substantively identical on this issue. Both Missouri and New York have codified the

5

relevant portions of the Uniform Commercial Code. *See, e.g.*, Mo. Rev. Stat. § 400.9-601, *et seq.*; N.Y. U.C.C. Law § 9-601 (McKinney), *et seq.* Therefore, New York law applies to Santander's claim.

Under New York law, a secured party may, after default, "reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure." N.Y. U.C.C. Law § 9-601(a)(1) (McKinney). A secured party in possession of collateral may also sell the collateral and apply money or funds received from the collateral to reduce the secured obligation. *See id.* §§ 9-601(b); 9-207(c)(2). These remedies are cumulative and may be exercised simultaneously. *Id.* § 9-601(c). Thus, if Santander is in possession of the collateral pursuant to a partial settlement with the Rahns, it need not liquidate this collateral before a final judgment may be entered against Moody Leasing. *See Center Capital Corp. v. JR Lear 60-099, LLC*, 674 F. Supp. 2d 569, 572 (D. Del. 2009) (applying New York law) (holding that a creditor need not liquidate its collateral before seeking judgment against a debtor).

### IV. Santander is entitled to final judgment in the amount of $818,814.36.

The record illustrates that the principal amount currently due and owing under the Loan Agreement and subsequent schedules is $568,272.65. The total amount of default interest due as of December 31, 2015, is $157,721.77. Costs and expenses incurred by Santander total $1,300.00. The undisputed attorney's fees and costs as of January 19, 2016, total $91,519.94. Accordingly, the Court finds that Santander has demonstrated that Moody Leasing owes it a total of $818,814.36 under the various loans.

### Conclusion

Santander's Motion for Default Judgment is GRANTED against Defendant Moody Leasing in the amount of $818,814.36.

**IT IS SO ORDERED.**

Dated: July 14, 2016  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT