IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SANTANDER BANK, N.A., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:14-cv-891-DGK ) ) |
| MOODY LEASING CO., LLC, et al., | ) ) |
| Defendants. | ) |

## ORDER OF DISMISSAL

This case involves defaulted tow truck loans. Over the course of several years, Plaintiff Santander Bank, N.A., f/k/a Sovereign Bank, N.A., ("Santander") lent Defendant Moody Leasing Co., LLC ("Moody Leasing"), the purchase money for nine tow trucks and carrier bodies. Defendants Ardella M. Moody and the Estate of Dannie Moody (collectively the "Moodys"), and ABC Specialty, Inc. ("ABC"), personally guaranteed the loans' repayment and designated the trucks and bodies as collateral. Santander alleges that Defendants defaulted, and it demanded that they relinquish the collateral. Defendants refused. Santander then filed the instant five-count lawsuit, alleging a replevin claim against all Defendants (Count I) and a breach of contract claim against each individual (Counts II-V). After discovering that the Moodys entered into an agreement to transfer ownership of ABC and the collateral to Elwood and Bryan Rahn (collectively, the "Rahns"), Santander filed an Amended Complaint including conversion claims against ABC and the Rahns (Counts VI-VII).

Now before the Court is Santander's Motion to Dismiss Remaining Counts and Enter Final Judgment. Because Santander has satisfied the requirements of Federal Rule of Civil Procedure 41(a)(2), the motion is GRANTED and the remaining counts are DISMISSED WITH PREJUDICE.

1

**Factual Background**

The following facts are gleaned from Plaintiff Santander's Amended Complaint (Doc. 47), its attached documents, and attachments to the instant motion (Doc. 72). On February 14, 2011, Santander, a Delaware-based bank, entered into a loan agreement with Moody Leasing, a two-member heavy-duty equipment leasing LLC based in Jackson County, Missouri. The agreement provided that Santander would finance the purchase of a tow truck and accompanying equipment in exchange for Moody Leasing making monthly loan payments. To secure payment, Santander obtained a first priority purchase-money security interest in the truck and carrier body. At the same time, the Moodys and ABC personally guaranteed repayment. The loan agreement also entitled Santander, upon default, to immediately repossess the collateral.

From March 9, 2011, to February 14, 2014, Santander and Moody Leasing entered into eight additional schedules under the original loan agreement. The terms of these schedules mirrored the initial loan terms: Moody Leasing received the purchase money for the truck and equipment, while Santander received a security interest in the same and monthly payments. Ultimately, Santander financed the purchase of nine tow trucks and bodies in this manner.

Moody Leasing defaulted on this loan sometime after the last schedule, and the guarantors have refused to pay. Santander then exercised the loan agreement's acceleration provision, but Defendants still refused to pay. Santander demanded the collateral's return, but Defendants refused. The Rahns since bought ABC and leased the collateral from Ardella Moody.

This litigation ensued. The Court entered default judgment against Moody Leasing (Doc. 89) and granted Santander's motion for partial summary judgment against Ardella Moody and the Estate of Dannie Moody (Doc. 88), disposing of counts II, III, and IV.

Santander and Defendants ABC, Elwood Rahn, and Bryan Rahn have submitted their Settlement Agreement to the Court (Doc. 72 at 5-10). ABC and the Rahns have agreed to purchase one of the trucks from Plaintiff and relinquish possession of the remaining collateral in exchange for being dismissed from this litigation (*see id.*). Santander now seeks to dismiss the remaining counts—Counts I, V, VI, and VII—under Federal Rule of Civil Procedure 41(a)(2). Santander and Defendants ABC, Elwood Rahn, and Bryan Rahn have stipulated to the dismissal of these counts. Defendants Moody Leasing, Ardella Moody, and the Estate of Dannie Moody (collectively, the "Moody Defendants") refuse to stipulate to dismissal, and the only remaining claim which relates to these defendants is Count I.

## Standard

Rule 41(a) applies to the voluntary dismissal of actions. Fed. R. Civ. P. 41(a). Once an answer or motion for summary judgment has been filed, the action may be dismissed only by joint stipulation of *all* the parties who have appeared *or by court order*. *Id.* at (a)(1)(A), (a)(2) (emphasis added). "A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). "In exercising that discretion, a court should consider factors such as [1] whether the party has presented a proper explanation for its desire to dismiss, [2] whether a dismissal would result in a waste of judicial time and effort, and [3] whether a dismissal will prejudice the defendants." *Id.* (internal citations omitted). "Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id.*

**Discussion**

Because the only remaining claim relating to the defendants that oppose this motion—the Moody Defendants—is Count I, the Court begins by dismissing Counts V, VI, and VII with prejudice. The Court now turns to Count I.

First, the Court considers whether Santander has presented a proper explanation for its desire to dismiss this matter. Count I prays for "the issuance of an Order of Replevin requiring the defendants to deliver the Collateral . . . to the United States Marshal . . . ." (Doc. 47 ¶ 67). The collateral for which replevin was sought has been returned or purchased by the Rahns (*see* Doc. 72), and no relief under Count I is sought from the Moody Defendants. This is a proper explanation for Santander's desire to dismiss, so the first Rule 41(a) factor is satisfied.

With respect to the second factor, the Court holds that dismissal of this matter would not result in a waste of judicial time and effort. In fact, the opposite is true. Counsel for Moody Defendants has repeatedly advanced meritless and irrelevant arguments before the Court, including those arguments in opposition to the instant motion.[1] This has resulted in a complete waste of judicial time and effort. Thus, this factor is satisfied.

Third, dismissal of this action does nothing to prejudice the Moody Defendants, and they may seek credit for any subsequent sales of the collateral at issue in a supplemental proceeding.

---

[1] In opposition of this motion, the Moody Defendants assert that dismissal is improper because: (1) the other parties have not provided information evidencing that the sale of collateral was made in a commercially reasonable manner; and (2) no representative has been appointed for the Estate of Dannie Moody by the probate court in this case (Doc. 100). The first contention is the same argument previously rejected by the Court in granting Santander's motions for partial summary judgment and default judgment (Docs. 88, 89). Second, counsel avers that the Estate of Dannie Moody has not been represented in this matter. But Moody Defendants' counsel has appeared before the Court and made numerous filings on behalf of the Estate of Dannie Moody. Thus, the Estate *has* been represented by legal counsel throughout this proceeding. Indeed, given that counsel has impliedly stated that he is authorized to represent the Estate every time he has filed something in this Court, this argument is borderline frivolous. Counsel is cautioned that this argument borders on a violation of Federal Rule of Civil Procedure 11, and similar conduct in any future matters before the Court may warrant sanction.

4

Finally, it is clear that Santander does not seek to dismiss merely to escape an adverse decision nor seek a more favorable forum—the Court has ruled in Santander's favor on each and every other count against the Moody Defendants.

Given that each of these factors weighs in favor of allowing Santander to voluntarily dismiss its replevin claim, the Court dismisses Count I with prejudice.

## Conclusion

Accordingly, Counts I, V, VI, and VII are DISMISSED WITH PREJUDICE. The Moody Defendants' request for an evidentiary hearing on this matter is DENIED.

**IT IS SO ORDERED.**

Dated: December 14, 2016            /s/ Greg Kays
                                                     GREG KAYS, CHIEF JUDGE
                                                     UNITED STATES DISTRICT COURT